# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

March 30, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Marie B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 25-00345-CDA

Dear Counsel:

On February 4, 2025, Plaintiff Marie B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 16 and 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 27, 2021 and August 26, 2021, respectively, alleging a disability onset of May 1, 2018. Tr. 10. Plaintiff's claims were denied initially and on reconsideration. *Id.* On March 19, 2024, an Administrative Law Judge ("ALJ") held a virtual hearing. *Id.* Following the hearing, on July 19, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant, time frame. Tr. 11. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against the Commissioner of Social Security on February 4, 2025. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Marie B. v. Bisignano*
Civil No. 25 -00345-CDA
March 30, 2026
Page 2

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 1, 2018." Tr. 12. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "vertigo, depression, anxiety, and dysthymic disorder." Tr. 13. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "trigeminal neuralgia, memory loss, migraines, borderline intellectual functioning, bilateral hip arthrosis, rotator cuff tendinopathy, mild bilateral hearing loss, and Chiari malformation." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant can occasionally lift and carry 20 pounds and 10 pounds frequently. She can stand and walk 6 hours in an 8-hour day and sit about 6 hours in an 8-hour day. She can never climb ladders ropes and scaffolds [sic] but can perform all other postural activities on an occasional basis. The claimant must avoid unprotected heights. She is limited to frequent reaching with the right upper extremity including reaching overhead. The claimant can understand remember and carry out [sic] verbal, written and demonstrated instructions[,] however work-related decision making would be limited to occasional. There would be no requirement for the performance of work demanding a specific production rate such as assembly line work or work requiring an hourly quota. The work would be self-paced and not paced by a machine. The work would be in a stable work environment where the workplace and work process would remain the same from day to day. She is limited to occasional contact with the public, coworkers, and supervisors.

Tr. 15. The ALJ determined that Plaintiff lacks past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 21. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 22.

*Marie B. v. Bisignano*
Civil No. 25 -00345-CDA
March 30, 2026
Page 3

### III.   <u>LEGAL STANDARD</u>

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   <u>ANALYSIS</u>

Plaintiff presses two arguments on appeal challenging the existence of substantial evidence supporting the ALJ's decision.  First is that the ALJ improperly assessed the medical opinion evidence, leading to an unsupported RFC.  ECF 16, at 5.  Second is that the improper assessment of Plaintiff's subjective statements renders the overall decision unsupported by substantial evidence.  *Id.*  Specifically, Plaintiff argues that (1) the ALJ improperly discredited the opinions of treating providers and failed to consider the opinions of others; and (2) did not consider all the relevant evidence in developing Bell's RFC.  *Id.* at 23, 32-33.  Defendant counters that the ALJ properly considered medical opinions and the Plaintiff's subjective complaints, noting that the Plaintiff's "disagreement with the outcome does not warrant remand[.]"  ECF 22, at 1-2.

Upon reviewing the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function by function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).  Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform.  *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021).  As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  *Id.* at 387 (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

*Marie B. v. Bisignano*
Civil No. 25 -00345-CDA
March 30, 2026
Page 4

Plaintiff argues that the ALJ's decision did not consider all the material medical evidence; did not provide and improperly discredited the opinions of treating providers Katherine Neitzke, M.D. and Angela Kelley, LMSW; and failed to consider the opinion of SSA commissioned consulting psychologist, Sheldon Weinstock, Ph.D. EFC 16, at 19. In Plaintiff's view, the ALJ lacked an appropriate explanation and reasoning for the assessment of and weight afforded to these and other opinions referenced in the hearing record. *Id.*

The Court agrees insofar as the ALJ committed reversible error by failing to explain how the evidence supports the RFC's conclusion regarding Plaintiff's abilities. Here, the ALJ relied predominately on medical opinions and the Plaintiff's subjective testimony. Tr. 15-20. The ALJ considered Plaintiff's subjective statements about her condition along with general references to Plaintiff's medical examinations. The ALJ also considered, in some detail, the opinions of only two of Plaintiff's many medical providers and of State agency medical experts. Tr. 19-20. First, the ALJ considered the opinion of Dr. Neitzke[3], who treated Plaintiff since December 2021. Tr. 19. Dr. Neitzke opined that "[Plaintiff's] symptoms would constantly interfere with concentration and she would need to lie down some days during workday due to vertigo "flare"]" and that Plaintiff could "only walk 100 yards without rest or significant pain, sit 45 minutes and stand/walk 10 minutes each at one time and sit 2 hours, stand half an hour, and walk 10 minutes in an 8-hour day." *Id.* The ALJ found this opinion "unpersuasive as it is unsupported by specific clinical or diagnostic support, nor supported by primary care physician records that indicate largely normal physical examinations." *Id.* The ALJ also relied on the opinion of Ms. Kelley, who had been treating Plaintiff since September 2022 and completed a mental MSS in July 2023. Tr. 20; ECF 16, at 27. In her opinion, Ms. Kelley opined that Plaintiff sustained "moderate limitation in ability to sustain normal routine without supervision . . . extreme limitation interacting appropriately with the general public, completing normal workday/workweek without interruptions[,] and performing at a consistent pace." Tr. 20. The ALJ found Ms. Kelley's "marked/extreme opinions unpersuasive," noting that her opinion lacked support of her own examinations and was "inconsistent with other substantial evidence in the record, which generally documented normal/benign clinical psych and normal mental status examination findings[.]" *Id.* Last, the ALJ considered the opinions of State agency medical experts. *Id.* These experts initially opined that claimant had "moderate limitations in all mental functioning and limited to the light exertional level[.]" *Id.* The ALJ found these opinions "somewhat persuasive as they were supported at the time they were rendered and are generally consistent with the updated record[.]" *Id.* In each of the aforementioned sections, however, the ALJ does not discuss in sufficient detail the referenced records they considered alongside the opinions of Dr. Neitzke, Ms. Kelley, and the State agency medical experts, nor why these other records deserve more weight than any aspects of these discarded opinions. The scant narrative from the ALJ does not "identify evidence that supports their conclusions" nor does it allow one to "build an accurate and logical bridge from that evidence to [the ALJ's] conclusion." *Woods*, 888 F. 3d at 694. [4]

---

[3] In their opinion, the ALJ misspelled the name of Dr. Neitzke, referring to her as "Catherine Nerzke, MD." Tr. 19.

[4] For example, in discounting Ms. Kelley's opinions, the ALJ finds them inconsistent with

*Marie B. v. Bisignano*
Civil No. 25 -00345-CDA
March 30, 2026
Page 5

Additionally, the evidence relied upon by the examiners and the ALJ is incomplete. The ALJ does not address the opinions of Plaintiff's other physicians, despite their inclusion in the record (including exhibits the ALJ otherwise references when discounting the aforementioned medical opinions). *See* Tr. 390 (Exhibit 1F; Plaintiff's August 2021 follow up with Ian N. Cheong, M.D., PhD, her neurologist from August 2021 to at least 2023, noting that Plaintiff's vertigo has not subsided and suggesting vestibular rehabilitation and changes to medication); Tr. 1670 (Exhibit 7F; records of Plaintiff's visits with Lindsey Weller, CA-C, her orthopedic specialist, noting back and shoulder pain, as well as a history of chronic hip pain); Tr. 1263-1290, 1307, 1331-12 (Exhibit 2F; records of Plaintiff's visits with Richard Bruno, MD, her primary care provider from March 2020 to December 2021. The records chronicle Plaintiff's history of migraines, vertigo, and pain); ECF 16, at 13 (noting that Plaintiff sought monthly treatment for her mental impairments from Laura Harding-Fukushima, LCPC from February 2018 to January 2020).[5] The ALJ's opinion either does not address these or implies that these records do not support Plaintiff's position without explaining how that is the case. Additionally, despite it being requested by the SSA, the ALJ did not consider the psychological evaluation by Sheldon Weinstock, PhD. ECF 16 at 19; Tr. 1775-1781 (finding that Plaintiff is "in a great deal of pain" and diagnosing her with "1. [b]orderline intellectual functioning[;] 2. [s]omatic symptom disorder with moderate pain[;] 3. [p]ost-traumatic stress disorder, chronic[;] 4. [c]hiari malformation with operation."). Because the inconsistencies and omissions between the ALJ's analysis and the RFC "frustrate meaningful review" of the ALJ's decision, remand is appropriate. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

The potential harm for this error is palpable due to the multitude of conflicting record evidence surrounding Plaintiff's vertigo, migraines, ability to stand for periods of time, and the effect of her mental ailments on her ability to procure and maintain employment. For example, The ALJ's narrative does not "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Because the ALJ's evaluation of this evidence "was internally inconsistent," and

---

"other substantial evidence in the record," which the ALJ summarizes in general terms in a single sentence, citing Exhibits 2F and 5F. Tr. 20. Exhibit 2F is 77 pages long, and Exhibit 5F is 153 pages long. While the ALJ need not walk through all, or even most, of those pages, a single-sentence summation does not sufficiently demonstrate how those records displace and outweigh all competing findings from a treating physician. The Court also observes that Exhibit 5F contains several records from Dr. Neitzke, whose opinions the ALJ deemed unpersuasive on account of records in the 872-page Exhibit 1F. *See* Tr. 19-20; Exhibit 1F. Of course, this observation does not assume or direct which opinion, if any, deserves persuasive value; instead, it highlights the challenges in traversing any logical bridges from evidence to conclusions.

[5] This list is not exhaustive. According to the ALJ's record in this case, they had access to Plaintiff's medical records from February 2013 to February 2024. Tr. 27-28. While not all of Plaintiff's medical visits relate to her purported physical and mental impairments, several, which the ALJ did not consider in their evaluation, do, and thus were not properly considered nor accounted for in the ALJ's decision.

*Marie B. v. Bisignano*
Civil No. 25 -00345-CDA
March 30, 2026
Page 6

there appears to be no reconciliation of these inconsistencies and omissions, the Court's ability to trace the ALJ's reasoning is impeded, making remand necessary. *Rodney G. v. Kijakazi*, No. 22-3007-BAH, 2023 WL 6465436, at *4 (D. Md. Oct. 3, 2023) (citing *Mallett v. Berryhill*, No. 18-241-D, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019)).

Though the Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis, *see Mascio*, 780 F.3d at 636, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling*, 986 f.3d at 389. Had the ALJ properly evaluated Plaintiff's current physical and mental ailments, they may have found Plaintiff to possess greater limitations in the RFC that, in turn, could have altered the ultimate disability determination in this case. Thus, remand is warranted. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge